IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHANE DEWAYNE JOHNSON,

    Petitioner,

v.

MATTHEW MARSKE,

    Respondent.

OPINION AND ORDER

Case No. 19-cv-673-wmc

Petitioner Shane Dewayne Johnson is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Following a jury trial in the Western District of Michigan, Johnson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Johnson*, No. 11-cr-49-GJQ, dkt. #38 (W.D. Mich. July 14, 2011). The district court sentenced him as an armed career criminal, *see* U.S.S.G. § 4B1.4, based on his past state court convictions for assault with intent to do great bodily harm. In his petition before this court, Johnson seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that defendant knew he belonged to a group covered under the statute barring possessions of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson further challenges his sentence enhancement under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

1

This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. Rule 4 requires the dismissal of a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Since it is plain that Johnson is *not* entitled to relief under either *Rehaif* or *Mathis*, the court must deny his petition.

FACTS

The court draws the following facts from Johnson's petition, as well as publicly available information from his underlying criminal proceeding. To begin, the government's trial brief accurately lists Johnson's past state felony convictions: a 1997 conviction for discharging a firearm at a building in violation of MCL § 750.234b; two 1997 convictions for assault with intent to commit great bodily harm less than murder in violation of MCL § 750.84; a 2005 conviction of felony assault with a dangerous weapon in violation of MCL § 750.82; and a 2006 conviction for delivery/manufacture of less than 50 grams of cocaine in violation of MCL § 333.7401(2)(a)(iv). Additionally, the government and Johnson entered into a stipulation in federal court that Johnson had been convicted in the courts of the State of Michigan for crimes punishable by imprisonment for a term in excess of one year. On July 14, 2011, the jury returned its verdict of guilty for defendant being a felon in possession of a firearm in violation of §§ 922(g)(1) and 924(a)(2).

Before sentencing, Johnson also conceded that he fit the criteria of an armed career criminal enhancement under the ACCA, 18 U.S.C. § 924(e)(1), and U.S.S.G. § 4B1.4. Accordingly, the Presentence Report ("PSR") calculated Johnson's advisory Sentencing

Guidelines range to be 292 to 365 months of imprisonment. Ultimately, the district court sentenced Johnson to 292 months' imprisonment.

Johnson appealed his conviction and sentence, but the Court of Appeals for the Sixth Circuit affirmed both in *United States v. Johnson*, No. 11-2598 (6th Cir. Aug. 21, 2013). In particular, that court affirmed the district court's rulings on Johnson's motion to suppress, as well as the district court's sentence.

On July 24, 2014, Johnson filed a motion to vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, which was also denied. While Johnson appealed that decision, the Sixth Circuit again affirmed. Next, Johnson filed a motion to dismiss his indictment on the ground that Congress lacked the power to enact both 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court denied that motion for lack of jurisdiction, which the Sixth Circuit affirmed.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner in petitioner's situation who has already filed a § 2255 motion and lost also faces a second hurdle, allowing pursuit of relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e). To invoke the savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion;

3

and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

As this court has previously held in similar, *Rehaif*-based claims, Johnson's petition satisfies the first element of the savings clause since *Rehaif* involved a statutory interpretation. There also remains a legitimate question as to whether *Rehaif* should be applied retroactively. On one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g) & 924(a)(2)). On the other hand, no other court of appeals, including the Seventh Circuit, has reached any conclusion on this question, and respondent has suggested in another case in this district court that claims under *Rehaif* should be brought under § 2241. *See Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019).

Even if Johnson could meet the first and second elements of § 2255's savings clause, however, he has not (and cannot) show a miscarriage of justice, having pointed to *nothing* even suggesting that the government could not met its burden of proof after *Rehaif*. To the contrary, in *Rehaif*, the Supreme Court specifically held that:

4

> in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

139 S. Ct. at 2200. Accordingly, after *Rehaif*, the government need only prove that Johnson knew, at the time of the offense, he belonged to a group previously "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1).

While Johnson claims he is innocent of the § 922(g)(1) charge because the government did not prove at trial that he knew he was a felon and, therefore, barred from possessing a firearm, the Supreme Court did not conclude in *Rehaif* that the government had to prove that the defendant had knowledge that he was *prohibited from possessing* a firearm, only that the defendant knew he was *within a category of persons* prohibited from possessing a firearm. 139 S. Ct. at 2200. Moreover, Johnson's criminal history confirms no reasonable jury could find that the government had not met its burden of proving his knowledge that he had been convicted of a crime punishable by more than a year in prison. Indeed, Johnson *stipulated* that he had been previously convicted of *at least* one crime punishable for more than one year.

Accordingly, there is *no* plausible basis for the court to conclude a miscarriage of justice occurred. *E.g., United States v. Maez*, 960 F.3d 949, 968 (7th Cir. 2020) (PSR that showed defendant's conviction of multiple, past felony convictions and service of more than one year in prison underscored his knowledge that he knew he was a felon when he possessed a firearm, which was sufficient for the government to meet its burden); *see also United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (defendant who served more

5

than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights).

Johnson's *Mathis* claim fails for much the same reason: he has not (and more importantly cannot show) shown that a miscarriage of justice occurred. In *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals affirmed its previous holding, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). The Seventh Circuit once again affirmed these holdings in *Hanson v. United States*, 941 F.3d 874 (7th Cir. 2019), explaining that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255, since the sentence was imposed based on "combined considerations from the advisory Guidelines and the appropriate factors." *Id.* at 878.

In this case, Johnson would challenge the district court's application of the sentencing guidelines, but he was sentenced in 2011, well *after* the Supreme Court held that the federal guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Moreover, Johnson was sentenced at the bottom of the guidelines range, and the sentence imposed was actually below the statutory maximum. Therefore, any error that the district court committed in sentencing Johnson as a armed career criminal did not amount to a constitutional defect. *See Faulkner v. United States*, No. 1:20-cv-1339, 2021 WL 3074157, at *3 (C.D. Ill. July 20, 2021) ("misapplying a sentencing enhancement that increases the

statutory minimum and maximum sentence likewise does not create a miscarriage of justice when the sentence actually imposed is below the statutory maximum absent the challenged conduct") (citing *Hawkins*, 706 F.3d at 824-25). Accordingly, neither *Mathis* nor any other change in the law support Johnson's challenge to his sentence in a post-conviction proceeding.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since Johnson has failed to make a plausible argument that *Rehaif* or *Mathis* entitle him to relief, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED THAT:

1. Petitioner Shane Johnson's petition under 28 U.S.C. § 2241 is DENIED.
2. No certificate of appealability will issue.

Entered this 9th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge